IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS G. LUPARELLO, | ) | No. C 12-2589 RMW (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| PAROLE & COMMUNITY SERVICES DIVISION, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging parole restrictions which were imposed upon him as conditions of parole. Petitioner has paid the filing fee. For the reasons stated below, the court DISMISSES the petition.

**BACKGROUND**

According to his petition, petitioner was convicted in 1981 of conspiracy to commit and assault, and murder. Petitioner was sentenced to a term of 25 years to life. Between 1986 and 2008, petitioner appeared before the Board of Parole Hearings ("Board) for a determination of whether he was suitable for release on parole. On October 28, 2008, the Board found petitioner suitable for parole, and released him from prison. On November 6, 2011, petitioner was discharged from parole supervision. (Pet., Ex. F.)

Order of Dismissal
G:\PRO-SE\SJ.Rmw\HC.12\Luparello589dis.wpd

**DISCUSSION**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

In the instant petition, petitioner seeks to have the court declare that the parole restrictions imposed upon him violated his due process because they hindered his ability to remain employed, and imposed unreasonable restrictions on travel. The federal writ of habeas corpus is available only to persons in custody at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). The "in custody" requirement is jurisdictional. Id. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not in custody for purposes of federal subject matter jurisdiction, and such petition is therefore properly dismissed. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). Here, petitioner is no longer in custody as he was discharged from parole in 2011. Consequently, petitioner cannot challenge the validity of his conditions of parole by way of federal habeas corpus. Accordingly, petitioner's petition is hereby DISMISSED.

**CONCLUSION**

The petition for writ of habeas corpus is DISMISSED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: _____

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Rmw\HC.12\Luparello589dis.wpd          2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS G LUPARELLO,

        Plaintiff,

  v.

PAROLE AND COMMUNITY SERVICES DIVISION et al,

        Defendant.

Case Number: CV12-02589 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas G Luparello  
751 Holly Avenue  
Rohnert Park, CA 94928

Dated: July 11, 2012

                                        Richard W. Wieking, Clerk  
                                        By: Jackie Lynn Garcia, Deputy Clerk